UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07-CV-9-R

**MARY CATHERINE WOLFE WORD**                                        **PLAINTIFF**

v.

**FREIDA GILFORD, Director**
**of Christian County Animal Shelter** *et al.*                      **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Mary Catherine Wolfe Word, has filed a civil action against Freida Gilford, Director of the Christian County Animal Shelter, the Commonwealth of Kentucky, Christian County Attorney Mike Foster, Assistant Christian County Attorney Duncan Cavanah, Christian County Judge Executive Steve Tribble, and Christian County Kentucky. Plaintiff has also filed a motion for emergency relief. For the reasons explained below, the Court must dismiss Plaintiff's complaint and deny the motion for emergency relief.

### I. SUMMARY OF CLAIMS

Plaintiff's ordeal began on or about June 1, 2006, when Plaintiff and her mother took 12 cats, 4 dogs, a rabbit, and a guinea pig to the Christian County Animal Shelter because they had been evicted from their home. According to Plaintiff, Defendant Gilford had offered to care for the animals for a few days while Plaintiff and her mother searched for a new place to live. Afterwards, Plaintiff claims that Defendant Gilford filed animal abuse charges against her and refused to return the animals. Plaintiff was tried and convicted of the animal abuse charges by a jury in Christian County district court. She was sentenced to term of two years probation and ordered to make full payment of a $10,254.00 fine by January 12, 2007.

Plaintiff now claims that her conviction was wrongful for a variety of reasons (she was

not the legal owner of the animals, that she never has nor would she ever abuse any animal, that certain witnesses committed perjury, etc.) and that her sentence is excessive under the circumstances. Plaintiff concludes that she is "appealing" to this Court because her constitutional rights have been violated. She asks this Court to overturn her conviction, return the animals to her, award her three million dollars in damages from each Defendant, and "cancel" her fine so that she does not have to pay it. In her emergency motion, Plaintiff asks the Court to relieve of her obligation to pay a $1000 bond. Plaintiff states that she cannot afford the bond and that she will go to jail if she does not pay it. Plaintiff explains that she cannot go to jail because she must care for her mother and because based on the female inmates she has observed in court she fears for her safety if incarcerated.

## II. ANALYSIS

Plaintiff filled out a general complaint form to commence this action. In the section entitled "ground for filing this suit," plaintiff states "wrongful prosecution, cruel and unusual punishment, harassment, discrimination against a disabled person, and physical and emotional pain and suffering." Although it is not entirely clear, Plaintiff appears to be seeking relief under both 28 U.S.C. § 2254 related to her conviction and sentence and also attempting to assert a number of other civil claims against Defendants. The Court will analyze the claims separately.

**A.     28 U.S.C. § 2254**

Subject to a one-year statute of limitations, state prisoners and parolees may seek federal habeas corpus relief on the ground they are being held in custody in violation of the Constitution, laws or treatises of the United States. *See* 28 U.S.C. § 2254. Ordinarily, state prisoners must exhaust their available state court remedies before seeking habeas relief by fairly presenting all

of their claims to the state courts. *Carter v. Bell*, 218 F.3d 581, 606-07 (6th Cir. 2000). Any alleged constitutional deprivations must be asserted through the state appellate process. In the Sixth Circuit, a habeas petitioner normally must present her claim to the state's highest court in order to exhaust. *Deitz v. Money,* 391 F.3d 804, 808 (6th Cir. 2004). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994). The exhaustion requirement applies to remedies still open to the habeas applicant at the time of the filing of the petition. *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979).

Under Kentucky Procedural Rules, Plaintiff/Petitioner may still appeal her conviction to the next highest state court, and she implies in her complaint that she intends to do so. Accordingly, this Court does not have jurisdiction to consider the constitutionality of the Plaintiff/Petitioner's conviction and sentence and must dismiss any 28 U.S.C. § 2254 claims **without prejudice** for failure to exhaust. Because the dismissal is without prejudice, Plaintiff/Petitioner is free to re-file these claims after completing one full round of appellate review in the state court.

In the event that Plaintiff/Petitioner appeals this portion of the Court's decision, she is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue

or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e*., a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

**B.    Discrimination against a disabled person**

Although she states that the basis of her claim arises out of disability-related discrimination, nowhere does Plaintiff actually allege that her disabled status was the motivating factor behind the charges against her or her resulting prosecution and conviction. She simply alleges that she is disabled. As a disabled person, Plaintiff is protected in certain circumstances from discriminatory adverse actions taken against her because of her disability. To sustain a cause of action, however, she must at least allege a connection between the action and her disability. In this case, she has not alleged such a connection. As such, she has failed to state a cognizable discrimination claim.

**C.     Wrongful prosecution and Harassment**

Plaintiff's wrongful/malicious prosecution claim must also be dismissed. Six basic elements are required for the maintenance of a wrongful or malicious prosecution action under Kentucky law: (1) the institution or continuation of original judicial proceedings; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in the plaintiff's favor; (4) malice in the institution of such proceeding; (5) want of probable cause for the proceeding; and (6) the suffering of damage as a result of the proceeding. *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981). Because Plaintiff was convicted of the charges against her in the district court, she cannot satisfy the third requirement, a favorable termination. Thus, the Court must dismiss her wrongful prosecution claim for failure to state a claim.

The same analysis applies to her harassment claim. From the face of the complaint, it is apparent that the "harassment" that Plaintiff is alleging concerns her prosecution and conviction. As such, this is just another way of claiming wrongful prosecution, and therefore, this claim must be dismissed as well.

**D.     Physical and mental pain and suffering**

Physical and mental pain and suffering are categories of damages not causes of action. As such, Plaintiff cannot maintain a separate cause of action for "physical and mental pain and suffering."

**E.     Emergency motion**

Finally, Plaintiff asks the Court to intervene in her criminal action and relieve her from having to post the $1000 bond. She states that she filed a motion seeking this same relief from the state court judge, but that she does not believe it will be granted.

A federal court should generally not interfere with a pending state criminal proceeding. *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating. Although she claims that the district judge will not fairly consider her motion, she has not offered any evidence to support this claim. In short, Plaintiff has not articulated any reason to believe that the Kentucky state courts would not fully and fairly consider her motion. Moreover, Plaintiff may appeal any adverse ruling in the state courts. This Court will not interfere with an on-going Kentucky state court proceeding. Accordingly, the Court must deny Plaintiff's motion for emergency relief.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney

4413.008